UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNITED STATES OF AMERICA**

vs.                                                                                                    Case No. 8:13-cr-187-T-27AEP

**VANESSA COOPER**
_____/

## ORDER

**BEFORE THE COURT** is Defendant Cooper's *pro se* "Petition for Compassionate Release." (Dkt. 347). A response is unnecessary. The motion is **DENIED**.

Cooper was convicted and sentenced to concurrent terms of 204 months imprisonment and 5 years supervised release for conspiracy to possess with intent to distribute 500 grams or more of methamphetamine (Count One), and possession with intent to distribute 500 grams or more of methamphetamine (Count Two). (Dkts. 185, 223). Her convictions were affirmed on appeal. (Dkt. 281). This Court granted her motion to reduce sentence, which reduced her sentence to 188 months (Dkt. 324), denied a subsequent motion to reduce sentence (Dkts. 327, 328), and denied a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Dkt. 304).

Cooper now moves "under the First Step Act for compassionate release due to the pandemic of the coronavirus." (Dkt. 347 at 1). She notes that she has been in prison for more than 7 years and that, as a result of her prior drug addiction, she had to receive a blood transfusion and was diagnosed with "chronic anemia, due to fibroid tumors the size of a 5 month fetus." (Id. at 1, 5). She further asserts that she has chronic bronchitis, hypothyroidism, obesity inflammation, and "a rare blood disorder," and that if she contracts Covid-19, she will "most likely not survive." (Id. at 5). Last, she

1

notes that her recidivism risk level is "minimum" and that "[u]nder the CARE[S] Act [she] was put on the list for the prison to release [her] back in April, but [her] case manager stop[ped] working here in the prison." (Id. at 5-6). However, her assertions do not warrant compassionate release.

The First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to allow a defendant to seek compassionate release with the court after fully exhausting the administrative remedies available to her following the failure of the Bureau of Prisons to bring a motion on her behalf, or 30 days after the warden receives the request to bring such a motion, whichever is earlier. *See* First Step Act of 2018, § 603(b). Cooper does not assert or provide documentation reflecting that she has exhausted her administrative remedies, and the exhaustion requirement cannot be waived. *See, e.g.*, *United States v. Smith*, No. 8:17-cr-412-T-36, 2020 WL 2512883, at *4 (M.D. Fla. May 15, 2020).

Even if she did exhaust her administrative remedies, compassionate release is unwarranted. While § 3582(c)(1)(A) allows a sentence reduction based on "extraordinary and compelling reasons," the reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission promulgated its policy statement in U.S.S.G. § 1B1.13. The application notes to § 1B1.13 list four circumstances as extraordinary and compelling under § 3582(c)(1)(A): (A) a serious medical condition; (B) advanced age and deteriorating health; (C) family circumstances; and (D) an extraordinary and compelling reason other than, or in combination with, (A)-(C), as determined by the Director of the Bureau of Prisons. § 1B1.13, cmt. n.1. None of Cooper's contentions fall within application notes (A)-(D). Although she asserts that she suffers from various medical conditions, she does not provide documentation demonstrating that her conditions substantially diminish her ability to provide self-care. *See* § 1B1.13, cmt. n.1(A)(ii); *see United States v. Heromin*, No. 8:11-CR-550-T-33SPF, 2019

WL 2411311, at *1-2 (M.D. Fla. June 7, 2019) (noting that defendants cannot "self-diagnose their own medical conditions" and denying compassionate release due to absence of corroboration from medical provider that defendant is unable to provide self-care or suffers a serious medical condition); *United States v. Dowlings*, No. CR413-171, 2019 WL 4803280, at *1 (S.D. Ga. Sept. 30, 2019) (denying compassionate release where defendant asserted he was diagnosed with a brain tumor, but does not "indicate that he is unable to care for himself while incarcerated"). And courts in this Circuit have found that "general concerns about possible exposure to COVID-19 do not meet the criteria for an extraordinary and compelling reason under U.S.S.G. § 1B1.13." *See Smith*, 2020 WL 2512883, at *4. Last, while Cooper's rehabilitation efforts are admirable, *see* (Dkt. 347 at 1, 6), rehabilitation alone is insufficient to warrant release. *See* 28 U.S.C. § 994(t).

In sum, none of Cooper's reasons are encompassed within the "extraordinary and compelling" circumstances in the policy statement of § 1B1.13, even if considered in combination with the criteria in the application notes. These reasons are therefore not consistent with the policy statement in § 1B1.13. Accordingly, because she has not shown extraordinary and compelling reasons or any other basis to grant compassionate release, this Court is without authority to grant relief, and the motion for compassionate release is **DENIED**.

**DONE AND ORDERED** this 17th day of August, 2020.

*/s/ James D. Whittemore*

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Defendant, Counsel of Record

3